346

UNITED STATES, Appellee,

v.

Darmon C. SMALLS, Private First Class,
U. S. Army, Appellant.

No. 31,927.

CM 432278.

U. S. Court of Military Appeals.

April 9, 1979.

For Appellant: *Colonel Alton H. Harvey, Major Richard J. Goddard, Captain Ronald Lewis Gallant, Captain Ralph E. Sharpe* (on brief).

For Appellee: *Major John T. Sherwood, Jr., Captain John F. DePue, Captain Nancy Battaglia* (on brief); *Lieutenant Colonel Donald W. Hansen.*

Opinion of the Court

PERRY, Judge:

The appellant was convicted by a general court-martial of arson, in violation of Article 126, Uniform Code of Military Justice, 10 U.S.C. § 926. He was sentenced to a bad-conduct discharge, imprisonment for 5 years, and forfeiture of all pay and allowances. The United States Army Court of Military Review has affirmed. We granted review to consider the appellant's contention that the military judge erroneously refused to instruct the panel members concerning the effect of the appellant's intoxication at the time of the commission of the offense.

The record reveals that the appellant started a fire near a stairwell in a wooden barracks occupied by approximately 20 sleeping men. According to a statement which the appellant thereafter made to military investigators, he intended to burn down the building. He also stated that prior to setting the fire, he had ingested a quantity of mescaline, but that he had contemplated setting the fire before he took the drug.

During the trial, a drug rehabilitation counselor, himself a former drug user, testified concerning the general effects of mescaline. He testified that the effects were basically the same as those resulting from the use of LSD in that the user had no perception of time and cannot think rationally. He also opined that a person who has used mescaline would not be able to plan something in great detail.

The military judge instructed the court members that they should determine whether the appellant's ingestion of drugs negated the element of willfulness or deprived him of the ability to appreciate the

probable consequences of his acts. The court members found the appellant guilty of aggravated arson. During the hearing prior to sentencing, the appellant, who had not testified during the trial on the merits, made an unsworn statement in which he stated that he had consumed "two hits of mescaline" during the afternoon prior to setting the fire. The appellant's attorney thereupon requested the judge to instruct the jury that

> You are advised that although you have found the accused guilty of the offense charged and thus mentally responsible and capable of entertaining a specific intent, you should consider as a mitigating circumstance evidence tending to show that the accused may have been suffering from a mental impairment due to the neurological effects of the voluntary ingestion of a drug.

The military judge refused to instruct the panel in the language requested by the appellant's attorney. However, he did instruct that the court members should give due consideration to all matters in mitigation and extenuation, whether presented before or after the return of the verdict of guilty.

Before us, the appellant argues that the judge should have instructed the court panel in the language set forth in the requested instruction above referred to. He relies heavily upon *United States v. Cook,* 11 U.S. C.M.A. 579, 581, 29 C.M.R. 395, 397 (1960), in which this Court held that a trial judge committed error when he refused to instruct a court panel as requested, that "while the evidence of the accused's mental responsibility was 'not sufficient to excuse from the offense itself, it is a thing that should be taken into consideration in mitigation in sentencing.'" In *Cook, supra,* the accused's mental condition was made an issue by the presentation of substantial evidence that approximately a year and a half before the commission of the charged offenses, he was injured in a parachute jump and, thereafter, hit on the head. According to the trial evidence, Cook became "extremely nervous" and commenced having nightmares from which he would awaken in a "cold sweat." Holding that the refusal to give the requested instruction was prejudicial error, this Court observed that the Manual for Courts-Martial "points out that when an issue of sanity is raised, and the court determines the accused to be sane, it may nonetheless 'consider any evidence with respect to the mental condition of the accused which falls short of creating a reasonable doubt as to his sanity.'" *Id.* at 581, citing paragraph 123, Manual for Courts-Martial, United States, 1951 (now paragraph 123, Manual for Courts-Martial, United States 1969 (Revised edition)).

Unlike *Cook v. United States, supra,* the appellant in this case presented no evidence on the question of sanity. While he gave an unsworn statement that he consumed two mescaline pills during the afternoon prior to setting the fire, he presented no evidence concerning the effect, if any, which he suffered from the drug. The testimony of the drug rehabilitation counselor did not describe the appellant's mental state or condition at any time. Indeed, there is no showing in the record that the witness ever observed or spoke with the appellant concerning the effect of the drug upon him. Nevertheless, the military judge instructed the court panel prior to sentencing that they were to give due consideration to all matters in mitigation and extenuation. We hold that under the circumstances above stated, the military judge committed no error when he refused to give the requested instruction.

In addition to the issue above discussed, the court specified the question concerning whether the convening authority unlawfully delegated his judicial authority to refer cases to a particular court for trial. Upon further consideration, we have determined that specification of the question was improvident.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.